AARON D. FORD
  Attorney General
RUDOLF M. D'SILVA (Bar No. 16227)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3375 (phone)
(702) 486-3768 (fax)
Email: rdsilva@ag.nv.gov

*Attorneys for Interested Party
and putative Defendant State of Nevada ex rel.
Nevada Department of Corrections*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LUIS SANDOVAL,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA *ex rel.* NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>              Defendants. | Case No. 2:25-cv-00500-MMD-NJK<br><br>**ORDER GRANTING JOINT PROPOSED ORDER PERTAINING TO MUTUAL RESOLUTION OF PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION** |

WHEREAS, Interested Party and putative Defendant State of Nevada *ex rel.* Nevada Department of Corrections (NDOC), by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, D. Randall Gilmer, Chief Deputy Attorney General, and Rudolf M. D'Silva, Deputy Attorney General, and Plaintiff, Luis Sandoval, by and through his counsel, Andrew M. Lagomarsino, Esq. and Cristina P. Valentine, Esq., of Lagomarsino Law, worked in good-faith to reach a tentative agreement to resolve the resolve the pending Emergency Motion for Preliminary Injunction (Emergency Motion) (ECF No. 22);

WHEREAS, Sandoval filed a Complaint and Emergency Motion alleging, among other things, that NDOC and various employees of NDOC were not providing him with appropriate medical care for his condition, and believes that such an Emergency Motion;

///

WHEREAS, Sandoval and NDOC agree that Sandoval suffers from a serious medical need requiring medical treatment;

WHEREAS, Sandoval believes that if the Emergency Motion had proceeded, the Court would have granted his Emergency Motion for Preliminary Injunction in its entirety;

WHEREAS, NDOC believes the medical care Sandoval has been provided by NDOC does not violate the Eighth Amendment, and believes that discovery and further litigation into this issue will establish that factual and legal determination;

WHEREAS, NDOC believes that its opposition to the Emergency Motion would establish the Emergency Motion should not be issued, and that NDOC and the individual employees would have ultimately prevailed on this issue;

WHEREAS, NDOC has confirmed Sandoval is: (1) currently receiving a medical diet; (2) has been provided with orthopedic shoes and a walker; (3) has been approved for an expedited appointment with a cardiologist and podiatrist; (4) has been provided with a glucometer to keep on person (KOP); (5) was seen at Southern Desert Correctional Center (SDCC) Medical on April 8, 2025 where it was confirmed that he would receive an increased dose of Metformin, as it was increased to 1000mg per day, to be taken twice a day in 500 mg increments, 25 mg of Losartan daily, 40 mg of Atorvastatin, and 60mg of Cymbalta, to be taken twice daily, with the order for each of these medications being written for 180 days supplies, with these medications being provided KOP in 30 day increments;

WHEREAS, Sandoval and NDOC disagree as to whether the above items were previously being consistently provided, were unreasonably delayed, or were the proximate cause of any injuries Sandoval has suffered;

WHEREAS, NDOC agreed to have Sandoval seen on an expedited basis to determine if Gabapentin or a similar medication should again be prescribed to Sandoval and for a medical education session, that will include discussion of Sandoval's commissary purchases and how those items may contradict his medical diet; and

WHEREAS, NDOC and Sandoval wish to leave those disputes regarding what has happened previously to be determined during the litigation in this case, but to ensure that

Sandoval receives appropriate medical care moving forward, the parties desire for the Court to enter the agreed upon terms of this *Joint Proposed Order Pertaining to Mutual Resolution of Plaintiff's Emergency Motion for Preliminary Injunction* as a court order;

THEREFORE, IT IS ORDERED AS FOLLOWS:

1. NDOC will ensure that Sandoval will remain in possession of the walker and orthopedic shoes he was provided on or about April 4, 2025;

2. NDOC will ensure Sandoval receives the approved medical diet, and if medically appropriate the PM snack, in the manner consistent with SDCC policies and procedures, with NDOC providing confirmation to its counsel that these diets are being provided to him consistently and pursuant to SDCC policies;

3. To ensure compliance with paragraph 2, as of April 15, 2025, NDOC will treat this Order as being a medical lay-in order, requiring NDOC to deliver Sandoval his meals in his cell, as this will ensure the medical diet is appropriately tracked and documented. Sandoval will not be prevented from walking to, and participating in, all other activities as he wishes and is permitted;

4. NDOC will ensure Sandoval continuously receives his 30 day KOP[1] supply of Metformin, Losartan, Atorvastatin and Cymbalta, without the need to submit an inmate request form (a/k/a kite), with the renewal of those medications on or before the 30th day so as to ensure there are no gaps in the refills being provided.[2] The means of how this occurs will be left to NDOC so long as Sandoval is not required to request each or all of his medications upon their expiration, as described in this provision, and so long as any burden NDOC's chosen means of carrying out this provision places on Sandoval is agreed to by Sandoval and his counsel. Nothing in this provision should be construed as Sandoval not being able to request a medication refill by submitting an inmate request form if he wishes to do so, nor should Sandoval's submission of an inmate request form be construed as waiving NDOC's obligation to comply with this provision;

---

[1] "KOP", as it is used herein, means "Keep on Person."
[2] This assumes and requires Sandoval to take each medication in the manner prescribed with regard to frequency, time, and dosage.

5. NDOC will ensure that when KOP medications are provided to Sandoval, that Sandoval signs forms designated by NDOC for use to confirm he has received the KOP medications;

6. NDOC will ensure Sandoval is permitted to KOP the glucometer provided to him on April 8, 2025, the purposes of which is to ensure Sandoval can monitor his blood sugar twice a day;

7. NDOC will ensure Sandoval is seen by NDOC Medical for purposes of determining whether his previously prescribed Gabapentin should be continued with either Gabapentin or a similarly approved and authorized medication within fourteen (14) days of entry this Order, and if it is so medically ordered, that Sandoval be provided that medication throughout the time of the medical order, whether KOP or through pill call,[3] without the need to request a refill of that medication. NDOC provides that Cymbalta has otherwise been ordered for Sandoval and that the ordered Cymbalta will be provided to Sandoval in accordance with the above KOP provision (¶ 4) upon its receipt within the next fourteen (14) days, or through daily pill call without any gaps in its administration if KOP is deemed inappropriate for Cymbalta by NDOC;

8. NDOC will provide Sandoval with medical education pertaining to his diet and Spanish-English translation will be provided during the entirety of that education;

9. As of April 15, 2025, NDOC provides that it has scheduled Sandoval to see both an outside Cardiologist and Podiatrist on an expedited basis, with NDOC being otherwise ordered to take steps to schedule these appointments within 14 days of the entry of this Order, with the date of the scheduled appointments being provided to NDOC's counsel so counsel can provide a 14 day range of when the appointment will occur to Sandoval's counsel, with NDOC's counsel providing the precise date to this Court *in camera* upon request of the Court or Sandoval's counsel. NDOC will ensure that all recommendations provided by the outside Cardiologist and Podiatrist are promptly

---

[3] As Gabapentin is a narcotic, and other similar medications are as well, KOP is not an option for such a medication.

reviewed following each appointment and that all decisions not to follow, or deviate from, one or more of those recommendations are recorded in Sandoval's medical records. If not so noted in Sandoval's medical records, NDOC will otherwise ensure all recommendations made by the outside Cardiologist and Podiatrist are timely implemented;

10. NDOC will ensure Sandoval has 24/7 access to English-Spanish translation services during all NDOC medical appointments, which includes, but is not limited to, appointments with physician(s) and other medical provider(s). These English-Spanish translation services do not need to be requested by Sandoval in advance of an appointment. NDOC provides that English-Spanish translation services are not available during pill-call, and therefore NDOC will ensure that any questions Sandoval has pertaining to his medications are answered during an appointment when English-Spanish translation services are available; and

11. NDOC will ensure Sandoval will participate in, and be enrolled in, the diabetic chronic care clinic, with the chronic care provider seeing Sandoval at least once every three to four months. NDOC provides that it is NDOC's standard policy for an offender enrolled in the diabetic chronic care clinic to be seen at least once every three (3) to six (6) months;

12. NDOC will ensure that all records agreed to herein, and all other records regarding Sandoval's medical conditions, are maintained and provided to their counsel for purposes of providing them to Sandoval's counsel as part of initial disclosures, with a duty to ensure that those records are supplemented no later than every forty-five (45) days or later if agreed upon by counsel.

IT IS FURTHER ORDERED that should Sandoval believe NDOC is not in compliance with any of the above provisions set forth in ¶¶ 1-12, Sandoval may file any appropriate motion with this Court, with NDOC specifically understanding that any resolution of those motions may result in revisions to the terms in this Order, sanctions, or other penalties at the discretion of this Court.

///

///

IT IS FURTHER ORDERED that given the entry of this Joint Order, Plaintiff's Emergency Motion for Preliminary Injunction is moot (ECF No. 22), and is therefore hereby DENIED without prejudice.

IT IS SO ORDERED.

DATED this 16th day of April 2025.

By: _____
UNITED STATES DISTRICT JUDGE

Respectfully stipulated to and submitted on April 15, 2025:

By: /s/ *Cristina P. Valentine*
   ANDRE M. LAGOMARSINO (#6711)
   CRISTINA P. VALENTINE (#16440)
   3500 Horizon Ridge Pkwy. # 241
   Henderson, NV 89052
   *Attorneys for Plaintiff Luis Sandoval*

By: /s/ *D. Randall Gilmer*
   D. Randall Gilmer (#14001)
   Chief Deputy Attorney General
   Rudolph M. D'Silva (#16226)
   Deputy Attorney General
   *Attorneys for Interested Party, NDOC*