UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LUIS SANDOVAL,

Plaintiff,

v.

STATE OF NEVADA EX REL. NEVADA
DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

Case No. 2:25-cv-00500-MMD-NJK

ORDER

The Court held a hearing on Plaintiff Luis Sandoval's Motion to Enforce Order and Request Civil Contempt Sanctions and Relief (ECF No. 96 ("Motion")). (ECF No. 102.) The Court found that Defendants violated the terms of the Order Granting Joint Proposed Orde Pertaining to Mutual Resolution of Plaintiff's Emergency Motion for Preliminary Injunction entered on April 16, 2025. (ECF No. 41 ("PI Order").) The violation that led to the Court to grant reasonable attorneys' fees as sanctions relates to expedited consultation with an outside cardiologist as required in Paragraph 9 of the PI Order.[1] (ECF

---

[1]Paragraph 9 of the PI Order (ECF No. 41 at 4-5) states:

> 9. As of April 15, 2025, NDOC provides that it has scheduled Sandoval to see both an outside Cardiologist and Podiatrist on an expedited basis, with NDOC being otherwise ordered to take steps to schedule these appointments within 14 days of the entry of this Order, with the date of the scheduled appointments being provided to NDOC's counsel so counsel can provide a 14 day range of when the appointment will occur to Sandoval's counsel, with NDOC's counsel providing the precise date to this Court *in camera* upon request of the Court or Sandoval's counsel. NDOC will ensure that all recommendations provided by the outside Cardiologist and Podiatrist are promptly reviewed following each appointment and that all decisions not to follow, or deviate from, one or more of those recommendations are recorded in Sandoval's medical records. If not so noted in Sandoval's medical records, NDOC will otherwise ensure all recommendations made by the outside Cardiologist and Podiatrist are timely implemented[.]

Nos. 102, 109.) In particular, the Court found that Defendants failed to reschedule the appointment with an outside cardiologist when the initial appointment was canceled, resulting in Sandoval not being able to consult with an outside cardiologist within 14 days of the entry of the PI Order and not receiving needed treatment on a timely basis.[2] Accordingly, the Court granted Sandoval's Motion in part, imposed reasonable attorneys' fees as sanctions,[3] and directed Sandoval's counsel to submit an affidavit of attorneys' fees incurred (ECF No. 105; ECF No. 107 (errata) ("Affidavit of Fees")). Defendants filed a response to the Affidavit of Fees. (ECF No. 112.)

The Court agrees with Defendants as to the amount of time that is reasonable being the 14.8 hours spent before December 5, 2025. However, the Court finds Sandoval has demonstrated $350.00 to be a reasonable hourly rate. Accordingly, the Court imposes an award of $5,180.00 in fees as sanctions against Defendants under its inherent authority to enforce non-compliance with the PI Order as it relates to Sandoval's consultation with an outside cardiologist.

DATED THIS 16th Day of January 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]After Sandoval's counsel raised this issue, Defendants scheduled for Sandoval to see an outside cardiologist on October 15, 2025. (ECF No. 100 at 3.)

[3]Sandoval requested sanctions under the Court's inherent authority to enforce employment with the PI Order. (ECF No. 96 at 5-7.) It is well settled that district courts have the inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also* Fed. R. Civ. P. 70 (in proper cases, courts may adjudge a party in civil contempt for failure to perform specific acts required by a judgment). Thus, the standard under the Prison Litigation Reform Act that Defendants raised in response is not applicable. (ECF No. 112 at 2-5.)